**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001120
25-AUG-2015
08:25 AM**

NO. CAAP-12-0001120

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
NEIL BARNETT, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO. 3DTA-12-02614)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, and Fujise and Reifurth, JJ.)

Defendant-Appellant Neil Barnett appeals from the
"Amended Judgment and Notice of Entry of Amended Judgment" filed
on October 30, 2012 in the District Court of the Third Circuit,
North and South Kona Division ("District Court").[1]   Following a
bench trial, Barnett was found guilty of Operating a Vehicle
Under the Influence of an Intoxicant ("OVUII"), in violation of
Hawaii Revised Statutes ("HRS") § 291E-61(a) (Supp. 2011).[2]

Barnett's conviction arises out of an incident
occurring on August 16, 2012 at approximately 3:00 a.m., after

---

[1]     The Honorable David K. Kuwahara presided.

[2]     That statute states, in relevant part, that:

>        (a)   A person commits the offense of operating a
> vehicle under the influence of an intoxicant if the person
> operates or assumes actual physical control of a vehicle:
>
>        . . . .
>
>        (3)   With .08 or more grams of alcohol per two hundred
>              ten liters of breath[.]

Haw. Rev. Stat. § 291E-61(a)(3).

Hawai'i County Police Department ("HCPD") Officer Derek Kenison, Jr. spotted Barnett's vehicle stalled in the southbound roadway on Queen Kaahumanu Highway in Kona. It is undisputed that Barnett was the vehicle's sole occupant, and that Barnett was intoxicated with a breath alcohol content of 0.205. The remaining facts derive from four witnesses who testified at Barnett's October 30, 2012 trial: Barnett, Officer Kenison, and his fellow HCPD officers, Sheldon Nakamoto and Steven J. Burkey.

According to Barnett, he had been driving home at approximately 11:45 p.m. on August 15, 2012, when his vehicle ran out of gas and stalled. Barnett "thought [the vehicle was] sufficiently pushed off to the shoulder" of the road, so he left it to walk to a gas station. After finding that neither of the two stations he allegedly visited had portable gas containers for purchase, Barnett claims that he "gave up" and "met some friends at Sam's Hideaway," a local bar. Although he testified that he "had already locked the car," Barnett claims that he returned to the vehicle at approximately 2:30 a.m. on August 16 to confirm that his valuables were secured and to "push [the vehicle] further off to the side" of the road.

When Officer Kenison arrived on the scene at approximately 3:00 a.m. on August 16, he found Barnett sitting in the driver's seat of his vehicle, which was "parked in the middle of the southbound roadway, lights on, kind of at a different angle other than lane of travel," and the driver's side door was open. Officer Kenison stated that although he asked Barnett if he needed help moving the vehicle out of the road, Barnett declined assistance and asked instead "if it would be okay for him to walk to a gas station[,]" to which Officer Kenison replied "that as long as [Barnett] moved his vehicle, then yeah." Officer Kenison only remained with Barnett for a few minutes because he was in the process of transporting a prisoner, so Officer Kenison dispatched Barnett's location on his police radio and left. The next to arrive at the scene was Officer Nakamoto, who reached Barnett approximately three minutes after he heard Officer Kenison's dispatch. Officer Nakamoto found Barnett standing behind his vehicle, trying to push it. Finally, Officer

Burkey arrived at approximately 3:20 a.m. Officer Burkey detected alcohol on Barnett's breath. After administering several field sobriety tests, which Barnett failed, the officers arrested Barnett for OVUII.

At Barnett's bench trial, the parties disagreed about whether the State could demonstrate that Barnett actually took physical control of the vehicle while he was intoxicated. In finding Barnett guilty, the District Court specifically stated that it "ha[d] a hard time believing th[e] scenario that the defendant testified to," and instead

> believe[d] that it's more credible that what happened here was that he drove it to where he said he drove it, that when it ran out of gas, then the officers came upon the scene and made the observations that they made. I don't believe that he left the scene, that he went and got intoxicated, and then returned to the scene. So the Court is going to find that the state has proven their case beyond a reasonable doubt[.]

Thereafter, Barnett filed a "Motion to Reconsider Verdict or in the Alternative Motion for New Trial" ("Motion for New Trial") "on the grounds that the verdict was against the weight [of] the evidence and that important evidence was not presented at the trial o[n] the matter." Following a December 6, 2012 hearing, the District Court[3] denied the Motion for New Trial because it determined that defense counsel's decision not to call other witnesses at trial was strategic in nature, there was no proof that witnesses were, in fact, unavailable at the time of trial, and Barnett never requested a continuance.

On appeal, Barnett contends that (1) there was insufficient evidence that Barnett *operated* or *assumed actual physical control of* a vehicle, as required under HRS § 291E-61(a); (2) the District Court erred by denying Barnett's Motion for New Trial; and (3) he received ineffective assistance of counsel at trial because counsel failed to investigate witnesses who, Barnett contends, would have established his innocence. Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments they advance and the issues they raise, we resolve

_____

[3] The Honorable Joseph P. Florendo, Jr. presided over the Motion for New Trial.

3

Barnett's points of error as follows, and affirm:

(1) Barnett first contends that there was insufficient evidence to convict him because the State failed to establish that he "operate[d] or assume[d] actual physical control of [his] vehicle" while under the influence of an intoxicant. Haw. Rev. Stat. § 291E-61(a). Specifically, Barnett argues that "operate" means "to drive," and that "assumes actual physical control" means "the keys are in the ignition." We review this claim to determine whether the State presented "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion" of the trier of fact. *State v. Griffin*, 126 Hawai'i 40, 56, 266 P.3d 448, 464 (App. 2011) (quoting *State v. Richie*, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998)) (internal quotation marks omitted). We conclude that it did.

Although each of the State's witnesses admitted that he did not personally observe Barnett driving his vehicle at any time, the OVUII statute does not require such a showing. For the purposes of HRS Chapter 291E, "'Operate' means to drive or assume actual physical control of a vehicle upon a public way, street, road or highway . . . ." Haw. Rev. Stat. § 291E-1 (2007).[4/] The term "actual physical control" is not separately defined, but to give force to all the words in the HRS § 291E-1 definition of "operate," *State v. Kalani*, 108 Hawai'i 279, 283-84, 118 P.3d 1222, 1226-27 (2005) (citations omitted) ("[It is a maxim of statutory construction that] no clause, sentence, or word shall be construed as superfluous, void, or insignificant if a construction can be legitimately found which will give force to and preserve all words of the statute."), we find that "to assume actual physical control" necessarily has a different meaning than "to drive." *See State v. Wheeler*, 121 Hawai'i 383, 392, 219 P.3d 1170, 1179 (2009) (explaining that the phrase "assume actual physical control" refers to conduct "whether [it] consists of driving the vehicle or otherwise assuming actual physical control

_____

[4/] "'Public way, street, road, or highway' includes: (1) The entire width, including berm or shoulder, of every road, alley, street, way, right of way, lane, trail, highway, or bridge[.]" Haw. Rev. Stat. § 291E-1.

4

of it[,]" and concluding in n.11 that this interpretation is consistent with the legislative history of HRS chapter 291E (citations omitted)); *accord State v. Li*, No. CAAP-12-0000626, 2013 WL 6244724, at *1 (Haw. Ct. App. Nov. 29, 2013), *cert. dismissed*, No. SCWC-12-0000626, 2014 WL 943026 (Haw. Mar. 11, 2014).

The trial court, to which we defer on issues of witness credibility, *see In re Doe*, 107 Hawai'i 12, 19, 108 P.3d 966, 973 (2005) ("The appellate courts will give due deference to the right of the trier of fact 'to determine credibility, weigh the evidence, and draw reasonable inferences from the evidence adduced.'" (quoting *State v. Lubong*, 77 Hawai'i 429, 432, 866 P.2d 766, 769 (App. 1994))), disbelieved Barnett's testimony that he left the stalled vehicle for several hours, consumed alcohol during that time, and then returned to it when the officers found him.[5] Instead, the court credited testimony by the State's witnesses, each of whom stated that Barnett expressly told them that he was heading home when his vehicle ran out of gas. Barnett also admitted that he, personally, had been driving the vehicle when it stalled. And there is no dispute that when the police officers arrived, Barnett was intoxicated, and his breath alcohol content was 0.205, which exceeds the legal limit, Haw. Rev. Stat. § 291E-61(a)(3).

When reviewing the record "in the strongest light for the prosecution" as we must when presented on appeal with a challenge to the sufficiency of evidence, *State v. Lee*, 90 Hawai'i 130, 134, 976 P.2d 444, 448 (1999) (quoting *State v. Batson*, 73 Haw. 236, 248, 831 P.2d 924, 931 (1992)), we find that there is substantial evidence upon which to conclude that Barnett operated the car while under the influence and to support Barnett's conviction. Indeed, upon approaching Barnett's vehicle, Officer Kenison observed that the headlights were

---

[5]     This credibility determination is supported by Officer Burkey's testimony that he traveled several times on Queen Kaahumanu Highway between midnight on August 15 and 3:00 a.m. on August 16, 2012 and did not observe any stalled vehicles.

switched on and Barnett was sitting in the driver's seat.[6/] Moreover, the fact that Barnett's vehicle was stalled on the road because it ran out of gas would explain why the motor was not running and nobody observed the keys in the ignition. Thus, "even if it could be said . . . that the conviction is against the weight of the evidence," we find that there is credible evidence of sufficient quality and probative value in the record to enable a person of reasonable caution to make "the requisite findings for conviction . . . ." *State v. Eastman*, 81 Hawai'i 131, 135, 913 P.2d 57, 61 (1996) (quoting *State v. Pone*, 78 Hawai'i 262, 265, 892 P.2d 455, 458 (1995)). Accordingly, Barnett's first point of error fails.

(2) Barnett next contends that he "was entitled to a new trial because the new witness testimony would have corroborated his own testimony that he had not been under the influence of alcohol at the time he was actually operating the vehicle . . . [,]" and would thereby establish his innocence. In Hawai'i, when a motion for a new trial is based on newly discovered evidence, it

> will only be granted if the defendant proves: [i] the evidence has been discovered after trial; [ii] such evidence could not have been discovered before or at trial through the exercise of due diligence; [iii] the evidence is material to the issues and not cumulative or offered solely for purposes of impeachment; and [iv] the evidence is of such a nature as would probably change the result of a later trial.

*State v. Ruis*, No. CAAP-12-0001115, 2014 WL 1621780, at *1 (Haw. Ct. App. Apr. 22, 2014) (SDO) (citing *State v. McNulty*, 60 Haw. 259, 588 P.2d 438 (1978), *overruled on other grounds by Raines v. State*, 79 Hawai'i 219, 900 P.2d 1286 (1995)). "A criminal defendant bears the burden of proof on all these requirements." *Id.* (citing *United States v. Turner*, 995 F.2d 1357, 1364 (6th Cir. 1993) (analyzing Fed. R. Crim. P. Rule 33, which the court stated, in pertinent part, is substantially similar to Haw. R. Pen. P. Rule 33)). We hold that Barnett has not satisfied his burden, and, as such, the District Court did not abuse its

---

[6/] At trial, Barnett explained that he was seated there because he had to take the vehicle out of park to move it, but Barnett could not recall whether he had to put the keys into the ignition to do so. He also stated that "[t]he keys were in [his] pocket."

discretion in failing to grant the Motion for New Trial. *See State v. Hicks*, 113 Hawai'i 60, 69, 148 P.3d 493, 502 (2006) ("'The granting or denial of a motion for new trial is within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion.'" (quoting *State v. Yamada*, 108 Hawai'i 474, 478, 122 P.3d 254, 258 (2005) (brackets omitted)).

Here, Barnett has not shown that there was newly discovered evidence or that any such evidence could not have been discovered through the exercise of due diligence prior to trial, for "evidence known to defendant's counsel before or at trial does not constitute newly discovered evidence justifying new trial." *McNulty*, 60 Haw. at 268, 588 P.2d at 445. Moreover, the Motion for New Trial included no witness affidavits as evidence of counsel's contentions, *see King v. Makamaka*, 7 Haw. 394, 395 (Haw. Kingdom 1888) ("A motion for a new trial, based on newly discovered evidence, should be supported by the affidavits of the witnesses themselves, whom it is proposed to produce, unless good reason is shown why same cannot be produced."), and Barnett made "[n]o showing of any affirmative attempts to locate [alleged witnesses] before trial or to procure similar evidence" as an alternative. *State v. Caraballo*, 62 Haw. 309, 318, 615 P.2d 91, 97-98 (1980) (denying motion for a new trial where the only evidence supporting the motion was a new witness's affidavit and oral testimony, where there was no showing that the witness's evidence was new).

On these facts, we cannot find that "the trial court has 'clearly exceeded the bounds of reason or disregard[ed] rules or principles of law or practice to the substantial detriment of a party litigant.'" *Hicks*, 113 Hawai'i at 69, 148 P.3d at 502 (quoting *Yamada*, 108 Hawai'i at 478, 122 P.3d at 258) (original brackets omitted). As such, we hold that the District Court did not abuse its discretion in denying the Motion for New Trial.

(3) Finally, Barnett contends that his trial counsel provided him with "ineffective assistance" by failing to call additional witnesses to support Barnett's version of events. Specifically, Barnett contends that "his trial attorney did not

7

call witnesses at trial who would have established [Barnett's] innocence, even though the attorney knew about the witnesses and knew the exonerating nature of the information the witnesses would have provided." However, claims of ineffective assistance of counsel based on the failure to investigate and obtain witness testimony "must be supported by affidavits or sworn statements describing the testimony of the proffered witnesses." *Richie*, 88 Hawai'i at 39, 960 P.2d at 1247. As noted above, however, Barnett's Motion for New Trial included no affidavits or sworn statements other than defense counsel's declaration, and our examination of the record on appeal reveals that it "lacks reliable evidence indicating what the [alleged new witness(es)] would have testified to." *Id.* Accordingly, Barnett's claim for ineffective assistance of trial counsel fails. *Id.*

Therefore,

IT IS HEREBY ORDERED that the Amended Judgment and Notice of Entry of Amended Judgment, filed on October 30, 2012 in the District Court of the Third Circuit, North and South Kona Division, is affirmed.

DATED: Honolulu, Hawai'i, August 25, 2015.

On the briefs:

Rebecca A. Copeland
(Law Office of Rebecca A. Copeland, LLC)
for Defendant-Appellant.

Linda L. Walton,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

8